CARMOSINO v. STATE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9101. Decided Oct. 1, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

CRIMINAL LAW.
(190 S) Complaint that no search warrant was issued at time gambling devises were found, held not well taken for reason that record contained evidence tending to show that accused assisted in conduct of search which led to discovery of slot machines.

Error to Municipal Court.
Judgment affirmed.

S. A. Grossner, Cleveland, for Carmosino.
Leo Weil, Cleveland, for State.

STATEMENT OF FACTS.

This cause is here on error from the criminal branch of the Municipal Court of the City of Cleveland, wherein plaintiff in error was arrested, and found guilty of violating Section 13066 of the General Code of Ohio, which reads as follows:

"Exhibiting Gambling Device for Gain. Whoever keeps or exhibits for gain or to win or gain money or other property, a gambling table, or faro or keno bank, or a billiard table, for the purpose of gambling or allows it to be so used, shall be fined, etc."

and it is alleged that the judgment for conviction for exhibiting and having in possession slot machines, is clearly and manifestly against the weight of the evidence under the rules of criminal law.

SULLIVAN, PJ.

We have examined the record and we find that the complaint, that there was no search warrant issued at the time that the machines were found, is not well taken, for the reason that there is evidence in the record, tending to show that the plaintiff in error assisted in the conduct of the search which led to the discovery of eight slot machines, five unbroken and three broken machines, and while there is some substance for the claim that a search warrant should have been issued before a search for the property was made, yet we do not think that it is of such a prejudicial nature that because of it the judgment for exhibiting the slot machines should be reversed.

Under the authorities, that where credible evidence appears to sustain the judgment, it cannot be reversed because the reviewing court may consider the evidence weak or because it is circumstantial in its nature, or because the court, itself, has a different opinion.

Holding these views, the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)